1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JUAN GONZALEZ,                          No.  2:14-cv-1397 CKD P

12                   Petitioner,

13        v.                                 ORDER

14   FRED FOULK, et al.,

15                   Respondents.

16

17          Petitioner, a state prisoner proceeding with counsel, has filed a petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.

19          Petitioner represents that the petition contains no unexhausted claims.  He seeks to stay

20   this action while he exhausts state remedies as to a new claim asserting that the California

21   Supreme Court's decision in People v. Chiu, No. S202724, 2014 Cal. LEXIS 3760 (June 2,

22   2014), should be applied retroactively to his case.  "Once exhausted, petitioner will seek to amend

23   this petition to join the claim."  (ECF No. 3.)

24          Two procedures are available to federal habeas petitioners who wish to proceed with

25   exhausted and unexhausted claims for relief.  The "Kelly procedure," outlined in Kelly v. Small,

26   315 F.3d 1063 (9th Cir. 2003), has been described by the Ninth Circuit Court of Appeals to

27   involve the following three-step process:

28          (1) petitioner amends his petition to delete any unexhausted claims,

                                           1

1   (2) the court stays and holds in abeyance the amended, fully
2   exhausted petition, allowing petitioner the opportunity to proceed to
    state court to exhaust the deleted claims, and

3   (3) petitioner later amends his petition and re-attaches the newly-
    exhausted claims to the original petition.

4

5   King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).  A petitioner who proceeds under Kelly may

6   amend his petition with newly exhausted claims if they are timely under the statute of limitations

7   governing the filing of federal habeas petitions. If a petitioner's newly-exhausted claims are

8   untimely, he may amend his petition to include them only if they share a "common core of

9   operative facts" with the claims in the original federal petition.  See King, 564 F.3d at 1140–41;

10  see also Duncan v. Walker, 533 U.S. 167, 172–75 (2001) (unlike the filing of a state habeas

11  petition, the filing of a federal habeas petition does not toll the statute of limitations).

12        The United States Supreme Court has authorized a second procedure for pursuing both

13  exhausted and unexhausted claims, set forth in Rhines v. Weber, 544 U.S. 269, 277 (2005).

14  Under the Rhines procedure, the petitioner may proceed on a "mixed petition," i.e., one

15  containing both exhausted and unexhausted claims, and his unexhausted claims remain pending in

16  federal court while he returns to state court to exhaust them.  See King, 564 F.3d at 1140; Jackson

17  v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion

18  to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted

19  claims.").  The decisions in both Kelly and Rhines "are directed at solving the same problem –

20  namely, the interplay between AEDPA's one-year statute of limitations and the total exhaustion

21  requirement first articulated in Rose v. Lundy, 455 U.S. 509 (1982)."  King, 564 F.3d at 1136.

22        Here, as the petition is not "mixed," the Kelly procedure is applicable.  Unlike Rhines, this

23  procedure does not require a showing of good cause.  King, 564 F.3d at 1140.  Rather, "a

24  petitioner may invoke Kelly's three-step procedure subject only to the requirement that the

25  amendment of any newly-exhausted claims back into the petition must satisfy Mayle [v. Felix,

26  545 U.S. 644, 650 (2005)]."  Id. at 1143; see id. at 1142 ((Mayle requires new claims to relate

27  back to claims that were exhausted at the time of filing).  Petitioner's proposed new claim,

28  concerning the jury instruction on the elements of premeditated murder, "relates back" to his

1    exhausted Claim 2, as the claims share a "common core of operative facts."

2        Accordingly, the court will stay this action pursuant to the <u>Kelly</u> procedure, pending

3    petitioner's exhaustion of his new claim.

4        In accordance with the above, IT IS HEREBY ORDERED that:

5        1.  Petitioner's motion to stay (ECF No. 3) is granted;

6        2.  Within thirty days from the date of any order by the California Supreme Court

7    addressing petitioner's proposed new claim, petitioner shall file a motion to lift the stay of this

8    action; and

9        3.  The Clerk of Court is directed to administratively close this case.

10   Dated:  July 11, 2014

11                                   _____

12                                   CAROLYN K. DELANEY
                                     UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17   2 / gonz1397.kelly

18

19

20

21

22

23

24

25

26

27

28

                                     3