UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GONZALEZ, | No. 2:14-cv-01397 CKD P |
| Petitioner, | |
| v. | ORDER AND |
| DAVID BAUGHMAN, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner is a California state prisoner proceeding through counsel in this federal habeas corpus action filed pursuant to 28 U.S.C. § 2254. On December 10, 2018, petitioner filed a motion to stay proceedings in order to seek relief in state court based on a retroactive change to the California Penal Code. ECF No. 29-1 at 2. Respondent has not filed an opposition to the motion. For the reasons that follow, the court recommends granting petitioner's motion for a stay.

**I.      Factual and Procedural History**

Petitioner was convicted in the Sacramento Superior Court of first-degree murder with separate criminal street gang and vicarious firearm enhancements found true. ECF No. 1 at 6. On November 18, 2011, he was sentenced to 25 years-to-life for murder with a consecutive 25 year-to-life term for the firearm enhancement. ECF No. 1 at 6. The California Supreme Court

denied his petition for review on direct appeal on March 13, 2013. Id.

Petitioner filed his original federal habeas corpus application in this court on June 11, 2014. ECF No. 1. He raised two jury instruction challenges, due process challenges to the prosecutor's closing argument, and a cumulative error claim for relief. Id. at 8-9, 17-18.

On July 11, 2014 the court granted petitioner's motion for a stay and administratively closed this case so that petitioner could seek relief in state court based on the California Supreme Court's decision in People v. Chiu, 59 Cal. 4th 155 (2014). ECF No. 6.

The stay was lifted on August 4, 2016 and petitioner filed a first amended federal habeas petition on August 31, 2016. See ECF Nos. 9, 11. The amended federal habeas petition dropped a jury instruction challenge but added a new claim for relief based on the remedy applied by the state court for the error in petitioner's first-degree murder conviction under a natural and probable consequences theory of accomplice liability. ECF No. 11 at 6. This amended habeas petition has been fully briefed by the parties since March 22, 2017. See ECF Nos. 19 (Answer), 28 (Traverse).

In the pending motion, petitioner requests a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005), even though he acknowledges that "the petition does not presently contain any unexhausted claims." ECF No. 29-1 at 1. Petitioner indicates that he "obtained partial relief" following the last stay of these proceedings because the Sacramento Superior Court reduced his first-degree murder conviction to second-degree murder. ECF No. 29-1 at 2. However, petitioner was requesting a new trial rather than a reduction in the degree of homicide. Id. Based upon the implementation of California Penal Code § 1170.95 which took effect January 1, 2019, petitioner "would be eligible to have his murder conviction stricken and be resentenced on any remaining charges unless he is found to have been a 'major participant' in the murder." ECF No. 29-1 at 2. In light of this change to state law, petitioner seeks a stay and abeyance in order to seek relief in the state courts that could render the pending federal habeas petition moot. Id. at 3.

////

////

////

**II. Analysis**

In the motion for a stay, petitioner concedes that his first amended federal habeas petition is fully exhausted. ECF No. 29-1 a 1. Therefore, petitioner is not entitled to a Rhines stay.[1] See ECF No. 6 at 2 (citing Rhines, 544 U.S. at 277, and emphasizing that "[u]nder the Rhines procedure, the petitioner may proceed on a 'mixed petition,' i.e., one containing both exhausted and unexhausted claims…."); see also Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016) (extending the Rhines stay and abeyance procedure to federal habeas petitions that are wholly unexhausted). To the extent that petitioner's motion seeks a Rhines stay, the undersigned recommends denying the motion.

However, the issuance of an administrative stay of a fully exhausted federal habeas petition is not foreclosed by the AEDPA nor any other provision of federal law. See 28 U.S.C. § 2243 (stating that the district court "shall… dispose of the [habeas] matter as law and justice require"); see also, King v. Ryan, 564 F.3d at 1141 (emphasizing that a Kelly stay is "in part an exercise of the equally normal discretion of federal courts to control the timing of decision in cases pending before them.") (citation omitted); Calderon v. United States Dist. Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 988 (9th Cir. 1998), abrogated on other grounds by Jackson v. Roe, 425 F.3d 654 (9th Cir. 2005) (emphasizing that the State was not able to cite any authority for its argument that district courts did not have the authority to stay fully exhausted petitions). Nor is there any evidence in the record demonstrating that petitioner's pending motion to stay is done in order "to delay, to vex, or to harass, or that the request was an abuse of the writ." Fetterly v. Paskett, 997 F.2d 1295, 1302 (9th Cir. 1993). Even though this is petitioner's second motion for a stay, the timing of the pending motion is based on a recent change in California state law. Therefore, in light of the

---

[1] Likewise, a Kelly stay is inapplicable because its three-step procedure is only necessary if the petition contains unexhausted claims for relief. See Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003); see also King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (finding that a Kelly stay is still viable post-Rhines). While, practically speaking, the petition that is being held in abeyance in a Kelly stay is a fully exhausted petition like the one in the instant case, the court is of the view that the three-step Kelly procedure does not apply to this case and therefore any stay which the court issues is not properly referred to as a "Kelly stay."

availability of state court remedies which petitioner avers may moot the pending petition for federal habeas corpus relief, the undersigned recommends granting petitioner's motion for a stay.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's motion for a stay (ECF No. 29) be granted;
2. To the extent that petitioner's motion requested a stay pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), the motion be denied;
3. The Clerk of Court be directed to administratively close this case;
4. Petitioner be directed to file a motion to lift the stay within 30 days from the date of any decision by the California Supreme Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 13, 2019

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/gonz1397.m2stay.docx

4