1
2
3
4
5
6
7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JUAN GONZALEZ,                        No.  2:14-cv-01397-TLN-CKD P

12                    Petitioner,

13          v.                              FINDINGS AND RECOMMENDATIONS

14    DAVID BAUGHMAN,

15                    Respondent.

16

17          Petitioner is a former state prisoner proceeding through counsel in this federal habeas

18    corpus action filed pursuant to 28 U.S.C. § 2254.  This proceeding was referred to this court

19    pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

20          **I.      Factual and Procedural History**

21          Petitioner challenges his first-degree murder conviction following a jury trial in the

22    Sacramento Superior Court that included separate criminal street gang and vicarious firearm

23    enhancements.  ECF No. 1 at 6.  On November 18, 2011, he was sentenced to 25-years-to-life for

24    murder with a consecutive 25-year-to-life term for the firearm enhancement.  ECF No. 1 at 6.

25    The California Supreme Court denied his petition for review on direct appeal on March 13, 2013.

26    Id.

27    ////

28
                                            1

Petitioner filed his original federal habeas corpus application in this court on June 11, 2014.  ECF No. 1.  A month later, the court granted petitioner's motion for a stay and administratively closed this case so that petitioner could seek relief in state court based on the California Supreme Court's recent decision in People v. Chiu, 59 Cal. 4th 155 (2014).  ECF No. 6.

The stay of this case was lifted on August 4, 2016 and petitioner filed a first amended federal habeas petition on August 31, 2016.  See ECF Nos. 9, 11.  The amended federal habeas petition raises five separate challenges to his first-degree murder conviction.  The amended § 2254 application also indicates that the Sacramento Superior Court granted petitioner post-conviction relief on February 1, 2016 by reducing his first-degree murder conviction to second-degree murder and reducing his sentence to 40-years-to-life.  ECF No. 11 at 6.  In his last claim for relief in the amended § 2254 application, petitioner challenges this specific remedy granted by the trial court during post-conviction proceedings.  He argues that by imposing the prosecution's plea offer on petitioner without his consent, the Sacramento County Superior Court denied him his right to due process during state post-conviction proceedings.  ECF No. 11 at 18-20.

After having been fully briefed by the parties since March 22, 2017, petitioner filed a second motion to stay proceedings in order to seek relief in state court based on a retroactive change to the California Penal Code.  ECF No. 29-1 at 2.  The court entered a second stay of this case on May 16, 2019 to allow petitioner to further exhaust state court remedies.  ECF No. 32.  Since that time, petitioner's counsel has been ordered to submit periodic status reports to the court.  On March 14, 2023, the court ordered petitioner's counsel to show cause why the stay of this case should not be lifted and if the pending federal habeas petition has been rendered moot by any relief granted by the California state courts.  ECF No. 41 at 2.

In a status report filed on March 28, 2023, counsel indicates that petitioner is no longer in prison, and has been paroled after his state collateral relief petition filed in the Sacramento County Superior Court was resolved by settlement in 2020.  ECF No. 42 at 1-2.  Petitioner concedes that "[a] settlement of the state habeas corpus petition would have rendered this federal proceeding moot."  ECF No. 42 at 1-2.

In a supplemental status report filed on March 31, 2023, petitioner's counsel also indicates that there is still a pending post-conviction petition in the Sacramento County Superior Court that was filed in 2022 that raises unknown legal issues.  ECF No. 44.  Although petitioner was appointed counsel to represent him in these state post-conviction proceedings, "[t]he public defender told us that they were waiting for further word from the court, but didn't know when this would occur."  ECF No. 44 at 2.

## II.     Legal Standards

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants."  Deakins v. Monaghan, 484 U.S. 193, 199 (1988).  This "case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties continue to have a personal stake in the outcome of the lawsuit."  United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001) (internal quotation marks and citation omitted).  The issue of mootness can be raised sua sponte by the court.  See Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (holding that federal courts "have an independent duty to consider" mootness sua sponte).  The basic question in determining mootness is "whether there is a present controversy as to which effective relief can be granted."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir. 2007).

## III.    Analysis

In this case, the undersigned finds that there is no present controversy for which any further relief can be granted concerning petitioner's first-degree murder conviction.  Petitioner concedes that the settlement of his 2020 state post-conviction petition renders this federal challenge to his first-degree murder conviction moot.  Indeed, petitioner no longer stands convicted of first-degree murder as challenged in the amended § 2254 petition.  ECF No. 11 at 5.  To the extent that petitioner challenges the specific remedy granted him during state post-conviction proceedings, that issue is a state law claim that is not cognizable in this federal habeas corpus proceeding.  See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (emphasizing that a state court's interpretation of state law is binding in federal habeas proceedings); Miller v. Vasquez, 868 F.2d 1116, 1118–19 (9th Cir. 1989) (declining to address the application of a state sentencing

3

1   enhancement on federal habeas review because it was merely a state law claim); <u>see also</u>

2   <u>Langford v. Day</u>, 110 F.3d 1380, 1389 (9th Cir. 1997) (emphasizing that a federal habeas

3   petitioner "may not... transform a state-law issue into a federal one merely by asserting a violation

4   of due process.").  Petitioner's ongoing efforts to obtain further state post-conviction relief

5   concerning his second-degree murder conviction are not relevant to the pending amended § 2254

6   petition because they are wholly within the purview of the state courts.  Therefore, the

7   undersigned recommends dismissing petitioner's amended § 2254 application as moot.

8          Accordingly, IT IS HEREBY ORDERED that the order to show cause issued on March

9   14, 2023 concerning sanctions against petitioner's counsel for failing to file a timely

10  supplemental status report is lifted.  The court will not impose sanctions for a single untimely

11  filing.

12         IT IS FURTHER RECOMMENDED that:

13    1.  The stay of this case entered on May 16, 2019 be lifted.

14    2.  Petitioner's amended application for a writ of habeas corpus (ECF No. 11) be

15         dismissed as moot in light of the relief he received from state post-conviction

16         proceedings.

17         These findings and recommendations are submitted to the United States District Judge

18  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

19  after being served with these findings and recommendations, any party may file written

20  objections with the court and serve a copy on all parties.  Such a document should be captioned

21  "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner

22  may address whether a certificate of appealability should issue in the event he files an appeal of

23  the judgment in this case.  <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district

24  court must issue or deny a certificate of appealability when it enters a final order adverse to the

25  applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of

26  appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it

27  debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of

28  reason would find it debatable whether the petition states a valid claim of the denial of a

4

1  constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v.

2  McDaniel, 529 U.S. 473, 484 (2000)).   Any response to the objections shall be served and filed

3  within fourteen days after service of the objections.  The parties are advised that failure to file

4  objections within the specified time may waive the right to appeal the District Court's order.

5  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6  Dated:  May 12, 2023

7  _____

8  CAROLYN K. DELANEY
   UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14  12/gonz1397.F&R.moot

15

16

17

18

19

20

21

22

23

24

25

26

27

28